UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JACK GULLEDGE and LOUIS PANNAGL      CIVIL ACTION

VERSUS      NO. 18-6657

CERTAIN UNDERWRITERS AT LLOYD'S, LONDON      SECTION A(4)

## ORDER AND REASONS

Before the Court is a **Motion to Remand (Rec. Doc. 7)** filed by Plaintiff, Louis C. Pannagl ("Plaintiff"). Certain Underwriters at Lloyd's, London (hereinafter collectively referred to as "Defendant") oppose the motion. The Motion, set for submission on August 22, 2018, is before the Court on the briefs without oral argument.[1] Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds that Plaintiff's **Motion to Remand (Rec. Doc. 7)** is **DENIED.**

    **I.**    **Background**

Plaintiff owns commercial property in Gretna, Louisiana. Defendant issued a policy of insurance covering direct physical loss or physical damage caused by windstorm and/or hail occurring during the policy period. (Rec. Doc. 3-2, State Court Pleadings). On August 29th, 2012, Hurricane Isaac severely damaged Plaintiff's property. (*Id.*). On August 15th, 2013, Plaintiff filed suit in the Twenty-Fourth Judicial District Court for the Parish of Jefferson against Defendant alleging Defendant's nonpayment of claims for damages to the commercial property.(*Id.*). Defendant removed the matter to this Court on July 12th, 2018, under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the Convention"). (Rec. Doc. 1,

---

[1] Request for Oral Argument was filed in conjunction with the Motion to Remand (Rec. Doc. 7). The Court does not deem oral argument necessary.

1

Notice of Removal ¶ 4). Pursuant to 9 U.S.C. §203, Defendant alleges that this Court has original subject matter jurisdiction for an arbitration agreement in Defendant's policy subject to the Convention. (*Id.* ¶ 11-14).

## II. Legal Standard

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. *Jernigan v. Ashland Oil, Inc.,* 989 F.2d 812, 815 (5th Cir. 1993), cert. denied, 510 U.S. 868, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993). In assessing whether removal is appropriate, the court is guided by the principle, grounded in notions of comity and that recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. See, e.g., *Manguno v. Prudential Prop. & Cas. Ins. Co*., 276 F.3d 720, 723 (5th Cir. 2002). Doubts regarding whether federal jurisdiction is proper should be resolved against federal jurisdiction. *Acuna v. Brown & Root*, 200 F.3d 335, 339 (5th Cir. 2000).

## III. Law and Analysis

Plaintiff moves to remand the case to the Twenty-Fourth Judicial District Court on the rationale that the Convention is inapplicable to the policy. (Rec. Doc. 7). Specifically, Plaintiff argues that Defendant's sole basis for removal is diversity jurisdiction, 28 U.S.C. § 1332, and pursuant to 28 U.S.C. 1446, Defendant failed to timely file for removal within thirty days after service. (Rec. Doc. 7-1, p. 2). Plaintiff further states three reasons as to why removal is not justified under the Convention: (1) the policy contains a "Conformity to Statute" clause which requires the policy to amend and apply Louisiana state law; (2) the McCarran-Ferguson Act reverse preempts the Convention as it is contrary to Louisiana public policy; and (3) the Convention only applies to the recognition of arbitral awards.

### a. Application of the Convention

The United States is a party to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, which Congress has implemented at 9 U.S.C. § 201, et seq. (the "Convention"). Proceedings that fall under the Convention "shall be deemed to arise under the laws and treaties of the United States." 9 U.S.C. § 203. Chapter Two of the Federal Arbitration Act (FAA), expressly grants federal courts jurisdiction to hear actions seeking to enforce an agreement or award falling under the Convention Act. *Vaden v. Discover Bank* 556 U.S. 49, 59 n.9 (2009).

An international agreement to arbitrate falls under the Convention if: "(1) there is an agreement in writing to arbitrate the dispute, (2) the agreement provides for arbitration in the territory of a Convention signatory, (3) the agreement arises out of a commercial legal relationship, and (4) a party to the agreement is not an American citizen." *Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 903 (5th Cir. 2005). In accordance with these four elements, the instant matter falls under the Convention. Defendant's insurance policy contains an arbitration clause in Section J, clause 15. (Rec. Doc. 2-2, p. 32). The United States is a signatory of the Convention and the Defendant subjects itself to the jurisdiction of a court of competent jurisdiction within the United States. (*Id.*, p. 15). The agreement arises out of Defendant's insurance policy, a commercial legal relationship, issued to Plaintiff. (Rec. Doc. 1, Notice of Removal ¶ 3). Defendant is a citizen of the United Kingdom. (*Id.*)

As the policy falls under the Convention, Defendant timely filed the Notice of Removal (Rec. Doc. 1). 9 U.S.C. § 205 provides, "The defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States." Defendant filed the notice of removal prior to the Twenty-Fourth Judicial District Court holding a

trial. (Rec. Doc. 11, p. 2). Thus, this Court finds that the Convention applies and the Defendant timely filed for removal. The Motion to Remand is DENIED on the grounds of timeliness.

### b. Conformity to Statute Clause

It is undisputed that the policy issued by Defendant to Plaintiff is applicable and governs as an agreement between the parties. (Rec. Doc. 7-1, p. 2). Plaintiff acknowledges that Section J, clause 12 "Arbitration" of the policy requires arbitration if the insured and Underwriters fail to agree in any aspect of the insurance. (Rec. Doc 2-2, p. 32). Plaintiff points out that the policy further provides a "Conformity to Statute" provision in Section J, clause 15. (Rec. Doc. 7-1, 2). The "Conformity to Statute" provision states, "Any terms of this Insurance which may conflict with statutes or regulations deemed applicable by a court of competent jurisdiction are amended to conform to the minimum requirements of such statutes or regulation." (Rec. Doc. 2-2, p. 33). Plaintiff cites the plain language of La. Rev. Stat. § 22:868 and its jurisprudential interpretation to assert that compulsory arbitration provisions in insurance contracts are prohibited as a matter of Louisiana public policy. (Rec. Doc.7-1, p.2). Plaintiff concludes that the language of the conformity provision, amends out the arbitration provision to conform to La. Rev. Stat. § 22:868. (*Id.*). Defendant waived its right to pursue arbitration under the Convention by amending out the arbitration provision with the conformity provision. (*Id.*, p. 4).

Defendant counters that the "Conformity to Statute" clause effectively does not amend the policy with regard to the agreement to arbitrate. (Rec. Doc. 11, p. 4). Defendant cites *McDonnel Grp. LLC v. Certain Underwriters at Lloyd's London* to state that the Louisiana state law is completely preempted by the Convention; thus, the express language and public policy of Louisiana law is inapplicable. (*Id.,* p. 5).

4

The Court finds the jurisprudence established by the Eastern District to be persuasive and will apply *Light v. Blue Cross and Blue Shield of Ala., Inc.* to insurance policies and the Convention. In *McDonnel*, the court held that the Convention supersedes La. Rev. Stat. § 22:868 to nullify any state law conflict. No. 18-2804, 2018 U.S. Dis. WL 3156034, at *4 (E.D. La. June 28, 2018). The defendant's insurance policy contained both an arbitration clause and a conformity to statute clause. *Id.* at *2. The plaintiff asserted that because there is a conflict between the terms of the policy and La. Rev. Stat. § 22:868, the conformity to statute clause nullified the arbitration clause. *Id.* at *3. The conformity to statute provision only applies if a term of an insurance policy actually conflicts with a Louisiana statute. *Id.* at. *4. The Fifth Circuit in *Light* held that in the context of a conformity clause, state law was inapplicable because ERISA preempts state law. *Id.* citing 790 F.2d 1247, 1248. This Court extended the rationale in *Light* to hold that the Convention preempts state law such that the policy cannot be altered to conform to state law. *Id.*

In the instant matter, the arbitration clause invokes the Convention. Because the Convention preempts state law, state law is inapplicable and cannot change the policy. Thus, the Motion to Remand on the basis of conformity to state law is DENIED.

### c. McCarran-Ferguson Act

Plaintiff argues that the Convention does not apply to the policy because the McCarran-Ferguson Act reverse preempts the federal law. (Rec. Doc. 7-1, p. 6). Article V of the Convention states that the "agreement is not valid under the law to which the parties have subjected it" and also that arbitration may be "refused if the competent authority in the country where recognition and enforcement is sought finds that…the award would be contrary to the public policy of that country." (*Id.*) The McCarran-Ferguson Act reverse preempts any federal law and imposes a "clear statement rule" that "state laws enacted 'for the purpose of regulating the business of insurance'

5

do not yield to conflicting Federal Statues unless Federal Statute specifically requires otherwise." (Rec. Doc. 7-1, p. 7). Plaintiff asserts that "the law of that country" defaults to the law of the state where the contract was issued. *Id.* Given that Louisiana public policy prohibits arbitration in insurance disputes, the McCarran-Ferguson Act reverse preempts any application of the Convention. *Id.*

Defendant relies on *Safety Nat'l Casualty Corp. v. Certain Underwriters at Lloyd's, London* to state that the McCarran-Ferguson Act does not apply to treaties such as the Convention. (Rec. Doc. 11, p. 2). In *Safety*, the Fifth Circuit held:

> The texts of the Convention, the Convention Act, and the McCarran-Ferguson Act support the conclusion that the McCarran-Ferguson Act does not authorize Louisiana to reverse-preempt the convention by means of contrary legislation prohibiting arbitration of disputes regarding contracts of insurance.

587 F.3d 714, 718 (5th Cir. 2009) (*en banc*). According to Congressional intent and the language of the Convention Act, an "Act of Congress," as used in the McCarran-Ferguson Act, is not intended to embody a treaty such as the Convention. *Id.* at 724.

In accordance with the Fifth Circuit in *Safety,* this Court holds that the McCarran-Ferguson Act does not reverse preempt the applicable law under the Convention. Plaintiff's Motion to Remand on the grounds of the McCarran-Ferguson Act is DENIED.

### d. The Convention and Recognition of Awards

Plaintiff contends that the Convention applies solely to instances of enforcement of foreign arbitration awards. (Rec. Doc. 7-1, p. 8). Plaintiff cites Article I § 1 of the Convention to articulate that Defendant necessarily fails because it is seeking enforcement of arbitration in the United States rather than abroad. (*Id.*) Defendant counters that the Convention does apply to instances of

enforcement of foreign arbitration awards, but it also applies to enforcement of arbitration agreements. (Rec. Doc. 11, p. 6).

The plain language of 9 U.S.C. § 202 states that "an arbitration agreement or arbitral award" falls under the application of the Convention. Considering the instant matter arises out of an arbitration agreement, the Court holds that the Convention applies and the Motion to Remand is DENIED.

## IV. Conclusion

Accordingly;

IT IS ORDERED that the **Motion to Remand (Rec. Doc. 7)** is **DENIED**. Considering how long the matter was pending in state court, the Court anticipates either party to compel arbitration immediately.

New Orleans, Louisiana, this 26th day of September, 2018

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE