UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JACK GULLEDGE and LOUIS PANNAGL | CIVIL ACTION |
| VERSUS | NO. 18-6657 |
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON | SECTION A(4) |

## ORDER AND REASONS

Before the Court is a **Motion to Compel Arbitration (Rec. Doc. 26)** and a **Motion to Appoint Arbitrator (Rec. Doc. 27)** filed by Certain Underwriters at Lloyd's, London (hereinafter collectively referred to as "Defendant"). Plaintiff, Louis C. Pannagl ("Plaintiff") opposes the motions. The Motions, set for submission on December 12, 2018, are before the Court on the briefs without oral argument. Having considered the motions and memoranda of counsel, the oppositions, the record, and the applicable law, the Court finds that Defendant's **Motion to Compel Arbitration (Rec. Doc. 26)** and a **Motion to Appoint Arbitrator (Rec. Doc. 27)** are **DENIED** and the case is **STAYED** for the reasons set forth below.

Plaintiff owns commercial property in Gretna, Louisiana. Defendant issued a policy of insurance covering direct physical loss or physical damage caused by windstorm and/or hail occurring during the policy period. (Rec. Doc. 3-2, State Court Pleadings). On August 29, 2012, Hurricane Isaac severely damaged Plaintiff's property. (*Id.*). On August 15, 2013, Plaintiff filed suit in the Twenty-Fourth Judicial District Court for the Parish of Jefferson against Defendant alleging Defendant's nonpayment of claims for damages to the commercial property. (*Id.*). Defendant removed the matter to this Court on July 12, 2018, under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the Convention"). (Rec. Doc. 1,

Notice of Removal ¶ 4). Pursuant to 9 U.S.C. §203, Defendant alleged that this Court has original subject matter jurisdiction for an arbitration agreement in Defendant's policy subject to the Convention. (*Id.* ¶ 11-14).

On September 26, 2018, this Court denied Plaintiff's Motion to Remand. The Court held that (1) the Convention is applicable to the insurance policy and arbitration clause provided therein, (2) the "Conformity to Statute" provision is not applicable because the Convention preempts state law, (3) the McCarran-Ferguson Act does not authorize Louisiana law to reverse-preempt the Convention, and (4) the Convention applies to enforcement of arbitration agreements. (Rec. Doc. 17). Subsequent to this Court's ruling, Plaintiff filed a notice of appeal to the Fifth Circuit. (Rec. Doc. 20). The Fifth Circuit dismissed the appeal because the denial of the Motion to Remand was interlocutory and unappealable. (Rec. Doc. 23). Defendant now moves this Court to compel arbitration and appoint an arbitrator.

Plaintiff opposes the Motion to Compel Arbitration reasserting the grounds presented in its Motion to Remand. Plaintiff contends that the Conformity to Statute clause in the policy amends the arbitration language out of the policy. (Rec. Doc. 32). Plaintiff requests that any judgment rendered on Defendant's Motion to Compel be deemed a final judgment so that Plaintiff may be afforded the opportunity to appeal to the Fifth Circuit pending the outcome of *McDonnel Grp. LLC v. Certain Underwriters at Lloyd's London,* No. 18-2804, 2018 U.S. Dis. WL 3156034 (E.D. La. June 28, 2018), or in the alternative, Plaintiff requests a stay in the proceedings pending the Fifth Circuit's ruling in *McDonnel.* (*Id.*).

As set forth in the Order (Rec. Doc. 17), the United States is a party to the Convention implemented by Congress at Title 9 U.S.C. Section 201, et seq. Title 9 U.S.C. Section 16 states that "except as otherwise provided in section 1292(b) of title 28, an appeal may not be taken

from an interlocutory order…compelling arbitration under section 206 of this title." The Court found the Eastern District's holding in *McDonnel* persuasive and likewise extended the Fifth Circuit's rationale in the case *Light v. Blue Cross and Blue Shield of Ala.,* 790 F.2d 1247 (5th Cir. 1986) to reach the conclusion that the Convention and arbitration clause are valid. (Rec. Doc. 17). The Court finds now the Plaintiff failed to present new arguments regarding the inapplicability of the arbitration clause; however, he presents a valid argument that the case should be stayed pending the outcome of the Fifth Circuit's determination of *McDonnel* to guarantee consistency.

Accordingly;

IT IS ORDERED that Plaintiff's **Motion to Compel Arbitration (Rec. Doc. 26)** and a **Motion to Appoint Arbitrator (Rec. Doc. 27)** are **DENIED** and the case is **STAYED**. Once the Fifth Circuit rules, either party may move to reopen the case.

New Orleans, Louisiana, this 17th day of December, 2018

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE